IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

SUSANA PEREZ, and all
others similarly situated,

    Plaintiff,

vs.                                       **Collective Action**

KING RANS INVESTMENT LLC,
a Florida Limited Liability Company, and
KING RANS INVESTMENT 2 LLC, a
Florida Limited Liability Company, jointly
and severally,

    Defendants.
_____/

# COMPLAINT

## I.    INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 – 219 (hereinafter "FLSA"), to recover unpaid overtime wages on behalf of Plaintiff SUSANA PEREZ (hereinafter "PEREZ"), and all others similarly-situated to her who were formerly, or are currently, employed as hourly paid employees by Defendants KING RANS INVESTMENT LLC, and KING RANS INVESTMENTS 2 LLC (hereinafter referred to as "Defendants"). Plaintiff PEREZ also brings a claim for unpaid minimum wages pursuant to 29 U.S.C. § 206 in connection with Defendants' refusal to release Plaintiff's final pay checks to her.

2. Defendants employ these employees within the Southern District of Florida to perform various tasks in furtherance of the operation of its gas stations/convenience stores.

3. Throughout the liability period, Defendants have owned and operated gas station/convenience stores known as Raceway located in Sebring and Avon Park, Florida, within the Southern District of Florida.

4. For at least three years prior to the filing of this complaint and continuing (hereinafter "Liability Period"), Defendants have had policies and practices to require its employees to work more than 40 hours in a work week, but only pay the employee their regular rate of pay without any overtime compensation.

5. Pursuant to the FLSA, Plaintiff, on behalf of herself and all others similarly situated to her who were formerly, or are currently, employed as hourly paid employees for Defendants during the liability period, seeks unpaid overtime wages, liquidated damages or pre-judgment interest, post-judgment interest and attorneys' fees and costs from Defendants.

6. Plaintiff will request the Court to authorize concurrent notice to all hourly paid employees who are employed by Defendants or who were so employed during the liability period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## II.  JURISDICTION

7. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (as amended), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1337.

## III.  VENUE

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) where Defendants may be deemed to reside because Defendants conduct business within the Southern District of Florida.

## IV.  PARTIES

### Plaintiff SUSANA PEREZ

9. PEREZ was, at all material times, a resident of Highlands County, Florida who worked for Defendants from March 13, 2019 to May 9, 2019.

10. PEREZ, at all material times, was a covered, non-exempt employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

11. Defendants employed PEREZ as an hourly paid retail sales clerk.

12. During the Liability Period, PEREZ, and all other similarly situated hourly paid employees, were required to work more than 40 hours per week, but would only receive straight time pay for all hours.

13. During the Liability Period, PEREZ, and all other similarly situated hourly paid employees, complained to her supervisors about not receiving overtime compensation, but nothing was ever done to remedy the problem.

### Defendant KING RANS INVESTMENT LLC

14. Defendant, KING RANS INVESTMENT LLC (hereinafter, "KING RANS I") is a Florida Limited Liability Company located in Sebring, Florida and is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the gas station/convenience store where PEREZ was employed.

15. At all times material hereto, KING RANS I is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA, and is thus subject to the requirements of the FLSA.

### Defendant KING RANS INVESTMENT 2 LLC

16. Defendant, KING RANS INVESTMENT 2 LLC (hereinafter, "KING RANS II") is a Florida Limited Liability Company located in Avon Park, Florida and is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the gas station/convenience store where PEREZ was employed.

17. At all times material hereto, KING RANS II is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA, and is thus subject to the requirements of the FLSA.

## V. GENERAL FACTUAL ALLEGATIONS

18. The allegations in paragraphs 19 through 26 occurred during the liability period.

19. Defendants do not pay its hourly paid employees overtime.

20. All hourly paid employees employed by Defendants are not exempt from the overtime requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(1).

21. All hourly paid employees employed by Defendants are entitled to be paid overtime compensation when they work more than 40 hours during any single workweek.

22. There are numerous persons similarly-situated to Plaintiff who are, or were, employed as hourly paid employees for Defendants during the liability period.

23. During the liability period, Defendants willfully and recklessly required its hourly paid employees to work over 40 hours per week without receiving overtime compensation. Defendants were made aware that this illegal practice was taking place, but did nothing whatsoever to remedy the problem and ensure that its hourly paid employees were paid overtime compensation.

24. Defendants are owned by the same individuals, do business as franchisees for Raceway, share their employees such that Plaintiff, and others similarly situated, are required to work for both Raceway locations, but are paid separately through KING RANS I and KING RANS II separate payroll accounts.

25. In addition to Defendants being owned by the same two individuals, Defendants share supplies and materials between the two retail locations, frequently requiring its employees to transport such items back and forth between stores as needed and directed by management.

26. KING RANS I and KING RANS II are not completely disassociated with respect to the employment of their employees as each controls employees of the other and are owned and operated by the same individuals.

27. During Plaintiff's last two weeks of employment she worked several hours for which she was not compensated despite demanding the same from Defendants.

## VI. FIRST CLAIM – Unpaid Overtime

28. The allegations in paragraphs 1-27 are incorporated by reference herein.

29. By its actions alleged above, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA, which requires overtime compensation wages to non-exempt employees, 29 U.S.C. § 207.

30. As a result of the unlawful acts of Defendants, Plaintiff and all persons similarly situated to her have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court:

A. To authorize the issuance of notice at the earliest possible time to all KING RANS I and II hourly employees who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they worked more than 40 hours without receiving overtime compensation during the Liability Period;

B. To declare that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. 207, as to the Plaintiff and persons similarly situated;

    C.    To declare that Defendants' violations of the FLSA to be willful;

    D.    To award Plaintiff, and other similarly situated current and former KING RANS I and II hourly employees, damages for the amount of the unpaid overtime wages and liquidated damages, subject to proof at trial;

    E.    If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

    F.    To make the same declarations and awards as prayed for in paragraphs A-E above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and,

    G.    To award Plaintiff, and other similarly situated current and former KING RANS I and II hourly employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## VII. SECOND CLAIM – Unpaid Minimum Wages (as to Susana Perez only)

31.    The allegations in paragraphs 1-17 and 24-27 are incorporated by reference herein.

32.    By its actions alleged above, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA, which requires minimum wage compensation wages to non-exempt employees, 29 U.S.C. § 206.

33.    As a result of the unlawful acts of Defendants, Plaintiff has been deprived of minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

    A.    Enter judgment for PEREZ and against Defendants on the basis of their willful violations of the FLSA;

B. Award PEREZ actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

C. Award PEREZ an equal amount in liquidated damages;

D. If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

E. Award PEREZ reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. § 216(b); and,

F. Other such relief as this Court deems just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: June 12, 2019
Plantation, Florida

Respectfully submitted,

s/Robert S. Norell
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*